# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

RAYMOND JOSEPH GAYLORD, JR.,

        Plaintiff,

v.                                       CIVIL ACTION NO. 5:18-cv-00177

CITY OF BECKLEY, WEST VIRGINIA,
and DEAN R. BAILEY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendants' Motion to Dismiss Plaintiff's Complaint* (Document 7), the *Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint* (Document 8), and the *Plaintiff's Response to Defendants' Motion to Dismiss Complaint* (Document 10). In addition, the Court has reviewed the Plaintiff's *Complaint* (Document 1). For the reasons stated herein, the Court finds that the motion should be granted in part and denied in part.

## FACTUAL ALLEGATIONS

The Plaintiff, Raymond Joseph Gaylord, Jr., initiated this action with a complaint filed on January 30, 2018. He named as Defendants the City of Beckley, West Virginia, and Officer Dean R. Bailey.

Mr. Gaylord was employed as a contracted special investigator for the federal Office of Personnel Management during the relevant time period. Although his primary residence was in

North Carolina, he rented a temporary residence in Beckley, West Virginia, for his work. The lease agreement provided that the landlord would pay for utilities. On or about October 14, 2016, the utilities were cut off, and Mr. Gaylord contacted the landlord. The landlord became belligerent and threatened to call the police. Mr. Gaylord then discovered that the landlord did not own the property.

The same day, Officer Bailey of the Beckley Police Department responded to a call about the issue, describing a verbal disturbance. Officer Bailey explained the procedure for seeking an eviction to the landlord, then proceeded to Mr. Gaylord's residence. Mr. Gaylord was standing in his doorway speaking to another officer when Officer Bailey arrived. He spoke to Officer Bailey through the screen door, but declined to exit his home when requested. Officer Bailey then "busted through the screen door and attacked Mr. Gaylord." (Compl. at ¶ 10.) Mr. Gaylord suffered "a severe laceration to the head." (*Id.*) Officer Bailey charged Mr. Gaylord with obstruction, which led to the termination of Mr. Gaylord's employment contract, although the charge was later dismissed.

Mr. Gaylord asserts that Officer Bailey is liable under 42 U.S.C. § 1983 for excessive force, unlawful seizure of a person, and unlawful entry of home. He asserts a § 1983 claim against the City of Beckley Police Department for "engag[ing] in a pattern, practice or custom of using obstruction as a charge when no facts support it," to "provid[e] a pretextual reason for using excessive force and…to arrest without any criminal activity." (*Id*. at ¶ 23-24.) Finally, Mr. Gaylord asserts state law claims of assault and battery and negligence against Officer Bailey, and state law claims of negligent hiring, retention, supervision, and general negligence against the City of Beckley.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants argue that the complaint does not sufficiently detail the "specific force used by Defendant Bailey, how the Plaintiff sustained a laceration to his head, or how Defendant's conduct was objectively unreasonable." (Def.s' Mem. at 6.) The Defendants next assert that the Plaintiff's unlawful seizure and unlawful entry claims are barred by a one-year statute of limitations. The Defendants argue that the § 1983 claim against the City of Beckley does not adequately allege an official policy to charge people with obstruction in order to conceal police misconduct. Next, the Defendants contend that the state law claims contain only bare legal conclusions without adequate factual allegations. If the Court finds the state law claims sufficient,

Defendant Bailey asserts that he is immune from liability for such claims because he was acting within the scope of his employment and not with malicious purpose, in bad faith, or in a wanton or reckless manner. Finally, the Defendants seek dismissal of any claim for punitive damages.

In response, Mr. Gaylord stresses that Officer Bailey was responding to a *civil* matter when he became aggressive and attacked and injured Mr. Gaylord. He argues that the factual allegations, in combination with reasonable inferences, are sufficient to state a plausible excessive force claim. Mr. Gaylord further contends that a two-year statute of limitations is applicable to §1983 claims in West Virginia. He argues that his allegations against the City of Beckley are sufficient to state a §1983 claim that the Beckley Police Department has a policy, established by training or general practice, of charging obstruction without probable cause. Mr. Gaylord next argues that his complaint contains sufficient factual allegations to support his state law causes of action against both Defendant Bailey and the City of Beckley. Finally, Mr. Gaylord argues that Defendant Bailey is not entitled to immunity for the state law claims because his conduct was malicious, in bad faith, and/or wanton or reckless. He further contends that punitive damages for the state law claims are available against Defendant Bailey, although he concedes that punitive damages are unavailable against the City of Beckley.

    A. *Excessive Force*

The Fourth Amendment provides a right to be free from unreasonable seizures, including the use of excessive force. *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003). Although Officer Bailey's motion to dismiss is based on the pleading standard, rather than a defense of qualified immunity, case law evaluated qualified immunity in excessive force cases is helpful in evaluating the "unreasonableness" element of an excessive force claim. The Fourth Circuit has

held that courts should "assess the objective reasonableness of force…in full context, with an eye toward the proportionality of the force in light of all the circumstances." *Rowland v. Perry*, 41 F.3d 167, 173 (4th Cir. 1994). Factors to consider in excessive force cases include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Here, Mr. Gaylord has alleged that Officer Bailey came to his residence in response to a civil landlord tenant dispute. As such, there was no evidence of any crime. When Mr. Gaylord declined to step outside to speak to Officer Bailey—also not a criminal act—Officer Bailey broke through his screen door, attacked him, and placed him under arrest. The complaint does not contain details of the "attack," but does allege that he suffered a severe laceration to his head due to Officer Bailey's actions. It can reasonably be inferred that an attack that caused a severe laceration involved the use of force. Given that Mr. Gaylord had committed no crime, posed no threat, and was not resisting or fleeing, the Court finds that his allegations are sufficient to state a § 1983 claim for excessive force. Thus, the Defendants' motion to dismiss should be denied as to Count I.

### B. *Unlawful Seizure and Unlawful Entry – Statute of Limitations*

The Defendants move to dismiss the unlawful seizure and unlawful entry claims, brought pursuant to 42 U.S.C. § 1983, based on the statute of limitations applicable to analogous claims under state law. However, the United States Supreme Court has "expressly rejected the practice of drawing narrow analogies between § 1983 claims and state causes of action." *Owens v. Okure*, 488 U.S. 235, 248 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 272 (1985)). Instead, the

Supreme Court held, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id*. at 249-50. In short, the statute of limitations in § 1983 cases "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). As both this Court and the West Virginia Supreme Court have recognized, West Virginia's two-year general personal injury statute of limitations is applicable to §1983 actions. *See* W. Va. Code § 55-2-12(b); *Rodgers v. Corp. of Harpers Ferry*, 371 S.E.2d 358, 362 (W.Va. 1988), *abrogated on other grounds by Courtney v. Courtney*, 437 S.E.2d 436 (W.Va. 1993); *Ali v. Raleigh Cty.*, No. 5:17-CV-03386, 2018 WL 1582722, at *9 (S.D.W. Va. Mar. 29, 2018); *Morales v. Robinson*, No. CIV A 205-0509, 2007 WL 1074836, at *4 (S.D.W. Va. Apr. 6, 2007) (Copenhaver, J.); *Bell ex rel. Bell v. Bd. of Educ. of Cty. of Fayette*, 290 F. Supp. 2d 701, 709–10 (S.D.W. Va. 2003) (Haden, J.). Because there is no dispute that Mr. Gaylord filed his complaint within two years of the incident, the Court finds that the Defendants' motion to dismiss should be denied as to Counts II and III.

C. Section 1983 Claims Against the City of Beckley

42 U.S.C. § 1983 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A local government cannot be sued under 42 U.S.C. § 1983 for injuries caused by its employees or agents unless it is the "execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy" that causes the injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Further, "[i]n a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. *See also Iqbal*, 556 U.S. at 693, (Souter, J., dissenting) (stating that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating *Bivens* supervisory liability entirely.")

The Defendants move to dismiss Count IV for failure to state a claim under the applicable pleading standard. The Plaintiff alleges that the City of Beckley has a pattern, practice, or custom of charging defendants with obstruction without supporting facts, particularly where officers have used excessive force. He further alleges that the Beckley Police Department does not adequately train, supervise, or discipline officers regarding probable cause, lawful detention, and proper use of an obstruction charge. He asserts that his own arrest exemplifies officers' practice of using an obstruction charge to conceal their own misconduct, as well as the lack of appropriate training and oversight. The Court finds that the Plaintiff's complaint plausibly alleges sufficient facts to state a § 1983 claim against the City of Beckley at this stage. Accordingly, the Defendants' motion to dismiss Count IV should be denied.

### D. State Law Claims

The Defendants again assert that the Plaintiff has not met the applicable pleading standard with respect to his state law claims. The Plaintiff included claims of assault and battery and negligence against Defendant Bailey, and of negligent hiring, negligent retention, negligent

supervision, and negligence against the City of Beckley. The complaint does not detail additional facts or legal theories in support of those claims, instead relying on the factual allegations set forth elsewhere in the complaint.

Assault occurs when an actor "acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and the other is thereby put in such imminent apprehension." *Hutchinson v. W. Virginia State Police*, 731 F. Supp. 2d 521, 547 (S.D.W. Va. 2010), *aff'd sub nom. Hutchinson v. Lemmon*, 436 F. App'x 210 (4th Cir. 2011) (Chambers, J.) (quoting Restatement (Second) of Torts § 21 (1965)) (internal quotation marks and punctuation omitted). Battery is similarly defined, but requires that the acts directly or indirectly result in offensive contact. *Id*. "[A] claim for assault and battery made against an officer who detains an individual in the course of a warrant-based search is judged according to Fourth Amendment standards." *Id*. Here, the Court has found that the Plaintiff stated a claim for excessive force under § 1983 and the Fourth Amendment. The factual allegations that supported that claim also support a claim for assault and battery: Officer Bailey put Mr. Gaylord in imminent apprehension of harmful or offensive contact by attacking him, and, as revealed by Mr. Gaylord's injuries, directly or indirectly caused such harmful or offensive contact. Accordingly, the motion to dismiss should be denied as to the state law assault and battery claims against Officer Bailey.

However, the Plaintiff has not alleged facts that would support a negligence claim against Officer Bailey. Thus, the state law negligence claim against Officer Bailey should be dismissed.

The West Virginia Supreme Court has applied the following test for claims of negligent hiring or retention:

> [W]hen the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?

*McCormick v. W. Virginia Dep't of Pub. Safety*, 503 S.E.2d 502, 506 (W.Va. 1998). The Plaintiff's complaint contains no facts related to the Beckley Police Department's hiring practices or the hiring or retention process involving Officer Bailey. Accordingly, the motion to dismiss should be granted as to the claims for negligent hiring and retention.

Under West Virginia law, to state a claim for negligent supervision or training, a Plaintiff must show that "[a municipal defendant] failed to properly supervise [an employee officer] and, as a result, [the employee officer] proximately caused injury to the [plaintiff]." *Woods v. Town of Danville, W. V.*, 712 F.Supp.2d 502, 515 (S.D. W. Va. 2010) (Goodwin, C.J.) (citing *Taylor v. Cabell Huntington Hosp., Inc.*, 538 S.E.2d 718 (W. Va. 2000); *see also W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.,* 766 S.E.2d 751, 773 (W. Va. 2014) (finding that although negligent hiring, training and supervision claims against state agencies involve discretionary functions for immunity purposes, no such limitations apply to claims against political subdivisions). In *Taylor*, the West Virginia Supreme Court "treat[ed] negligent supervision like other claims based in negligence." *Woods* at 515. Although the Plaintiff's complaint does not contain extensive detail about the Beckley Police Department's training and supervision programs, it does allege that officers routinely charge people with obstruction without probable cause, particularly when the officers engaged in other misconduct. The complaint also alleges that the Beckley Police Department failed to adequately train officers regarding probable cause and appropriate use of the

10

obstruction charge. Accordingly, the Court finds that the Plaintiff has adequately alleged facts supporting a claim of negligent supervision against the City of Beckley.

Finally, the Plaintiff alleges a state negligence claim against the City of Beckley, without further explanation. The basis for that claim is not clear to the Court, making it difficult to analyze whether there is factual support for some negligence claim apart from negligent supervision. Accordingly, the Court finds that the Defendants' motion to dismiss the negligence claim against the City of Beckley should be granted.

### E. Defendant Bailey's Immunity Claim

West Virginia Code § 29-12A-5 provides that

> An employee of a political subdivision is immune from liability unless one of the following applies:
> (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;
> (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
> (3) Liability is expressly imposed upon the employee by a provision of this code.
> (c) The immunity conferred upon an employee by subsection (b) of this section does not affect or limit any liability of a political subdivision for an act or omission of the employee.

The Plaintiff has alleged that Officer Bailey attacked him when he declined to leave his residence to speak with him on a civil matter. His allegations suggest that there was no basis to suspect him of any crime. Thus, the complaint supports a conclusion that Officer Bailey was acting with malicious purpose, in bad faith, or in a wanton and reckless manner. Therefore, the Court finds that immunity is not applicable at this stage.

### F. Punitive Damages

West Virginia Code Section 29-12A-7 provides, in relevant part, that

> in an action against a political subdivision or its employee to recover damages for injury, death, or loss to persons or property caused by an act or omission of such political subdivision or employee:
>
> (a) . . . an award of punitive or exemplary damages against such political subdivision is prohibited.

The statutory text bars punitive damages only "against such political subdivision," and the Plaintiff concedes that punitive damages are unavailable against the City of Beckley. Therefore, the motion to dismiss the Plaintiff's punitive damages claim against Officer Bailey in his individual capacity should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss Plaintiff's Complaint* (Document 7) be **GRANTED** as to the Count V state law general negligence claim against both Defendants and as to the negligent hiring and retention claim against the City of Beckley. The Court **ORDERS** that the *Motion* be **DENIED** as to Counts I, II, III, IV, and the remaining claims in Count V.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 25, 2018

*[Signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA